UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **ANDREW GLEN DUGGINS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 2:21-cv-00056 |
| | § | |
| **THE GEO GROUP, INC., JANE DOE,** | § | |
| **FNU GALARZA, FNU GEISINGER,** | § | |
| **FNU MCGEE and FNU GALINDO,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Plaintiff Andrew Glen Duggins, currently a federal prisoner, filed this *pro se* civil rights complaint on March 16, 2021. (Dkt. No. 1). On March 29, 2021, the Court sent Plaintiff a Notice of Deficient Pleading for failure to pay a standard filing fee or complete an *in forma pauperis* (IFP) application. (Dkt. No. 5). The Notice informed Plaintiff that his case could be dismissed if he failed to fix his procedural defect within twenty days. (*Id.*). After Plaintiff missed this deadline, the Court issued a Show Cause Order on May 10, 2021, requiring Plaintiff to either show cause why his lawsuit should not be dismissed or to rectify his deficient pleading on or before June 1, 2021. (Dkt. No. 9). The Court warned Plaintiff that failure to comply with the Show Cause Order would result in dismissal of his lawsuit. (*Id.*). To date, Plaintiff has failed to pay the filing fee, submit a completed IFP application, or provide reason why his lawsuit should not be dismissed.

Under Fifth Circuit law, it is appropriate for federal courts to dismiss actions with this procedural defect without prejudice. Although "[federal courts] tend to be somewhat more lenient with *pro se* litigants," *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 750 (5th Cir. 1987), "[t]he right of self-representation does not exempt a party from compliance with relevant

rules of procedur[e]," *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (internal quotations omitted). Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action *sua sponte* if a plaintiff fails to comply with a court order. Fed. R. Civ. P. 41(b); *see also Nottingham v. Warden*, *Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (citations omitted). When the record does not show "delay or contumacious conduct by the plaintiff," lesser sanctions such as "fines or dismissal without prejudice are usually appropriate." *Nottingham*, 837 F.3d at 441.

Here, Plaintiff has failed to comply with this Court's Notice of Deficient Pleading and Show Cause Order. Therefore, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, this action is **DISMISSED WITHOUT PREJUDICE**.

It is SO ORDERED.

Signed on June 25, 2021.

 _____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**